Dungan *v.* Miller.

## DUNGAN *vs.* MILLER.

1. An attachment suit will not be restrained on the ground that the amount of security required is so large as to make it inconvenient or impracticable for the defendant in such suit to dissolve the attachment.

2. The right to set-off is a mere legal right—a matter of practice in the courts of law—and has no claim to the protection of this court.

On motion to dissolve an injunction upon answer filed.

*Mr. Grey* and *Mr. Browning,* in support of the motion.

*Mr. P. L. Voorhees,* contra.

THE CHANCELLOR.

The injunction was to restrain Miller from proceeding against the complainant, Dungan, in a suit in the Supreme Court, commenced by attachment by one Snyder, in which Miller was admitted as an applying creditor. The claim of Miller against Dungan was for a debt of $23,000, not yet due. Dungan settled with Snyder, and the attachment, as to him, was dissolved. Miller, being properly admitted as a creditor, pursued the attachment, and insisted on proceeding to judgment on his claim.

The complainant sets up in his bill, that he has claims against Miller for liquidated accounts due from Miller to him, which he is entitled to have set off and credited on this debt; also, that he and Miller have entered into several joint purchases of property for profit, and that he advanced

Miller's share of the capital for him in these enterprises, and that these advances constitute a debt from Miller to him, and that the amount of these debts would, if allowed, pay off and discharge the claim of Miller, for which he is prosecuting the attachment suit; that the sum claimed by Miller in the attachment is near $30,000, and that he, being a non-resident, is unable to procure security to that amount to dissolve the attachment, and will thus be deprived of the benefit of setting off his claim, and will have judgment against him. The relief prayed for is, that Miller may be restrained from proceeding in the attachment, and that the accounts between the parties may be settled and adjusted in this court.

The answer of the defendant, Miller, denies any debt due from him to Dungan, except the sum of $8000, which it alleges has been allowed and off-set in the report of the auditors in the attachment suit, made before the injunction in this action, for the balance of the defendant's claim above the $8000. It admits advances made by the complainant for the defendant in several enterprises entered into by them jointly, but insists that these advances, being in enterprises in the nature of partnerships thus entered into on joint account, which are not yet finished or worked up, are to be settled by accounts between the parties at the close of these undertakings, and are not proper subjects of set-off in the suit at law.

If it was clear that these claims would be proper subjects for set-off in a suit at law, which seems to me very doubtful, there would still be no ground for the interference of this court by injunction. The complainant has the right to dissolve the attachment and present his defence at law. That the amount of security required is large, and will make it inconvenient or impracticable for him to dissolve the attachment, is no ground for the interference of equity. He may lose the advantage of his set-off, but he will not lose his claims against the defendant, Miller, whom he can prosecute at law, or call to account in equity, for the amounts due to him, whether due now or not, until the close of the transac-

tions in which the advances were made. The right to set off is a mere legal right—a matter of practice in the courts of law—and has no claim to the protection of this court. Besides, Dungan could have appeared before the auditors, and presented any legal defence to the claim of the defendant, and the court would have compelled them to regard it.

The injunction must be dissolved.